UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HINDS COUNTY HUMAN                                                          PLAINTIFF
RESOURCE AGENCY

V.                                              CIVIL ACTION NO.  3:21-CV-383-KHJ-MTP

CANON U.S.A., INC.;
CANON SOLUTIONS AMERICA, INC.; and
CANON FINANCIAL SERVICES                                                DEFENDANTS

ORDER

This action is before the Court on Defendants' Canon U.S.A., Inc. ("Canon USA"), Canon Solutions America, Inc. ("Canon Solutions"), and Canon Financial Services ("CFS") (together "Defendants") Motion to Dismiss [7]. Defendants move this Court to dismiss Counts II–IX of the Complaint [1-2] against Canon Solutions and all Counts against Canon USA and CFS. [7]. For the following reasons, the Court denies Defendants' Motion to Dismiss and allows Hinds County Human Resource Agency ("HCHRA") to amend its Complaint.

I.      Facts and Procedural History

This dispute arises out of an alleged agreement between HCHRA and Defendants over the rental of a Canon 6011 copier and related transactions. *See* [1-2] ¶ 25. HCHRA sued Defendants in state court, and the Defendants removed the case to federal court. *See* Notice of Removal [1]. Defendants now move to dismiss most of HCHRA's claims.

II. Standard

In reviewing a Rule 12(b)(6) motion, the Court must consider whether the plaintiff states a valid claim for relief. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To state a valid claim for relief, the plaintiff must allege enough facts that, when accepted as true, show "facial plausibility" and allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

III. Analysis

Defendants move to dismiss these claims against Canon Solutions: Count II (Tortious Breach of Contract); Count III (Contractual and Equitable Indemnification); Count IV (Unjust Enrichment); Count V (Breach of Duty of Good Faith and Fair Dealing); Count VI (Misrepresentation); Count VII (Fraud); Count VIII (Fraudulent Inducement); and Count IX (Punitive Damages). Defendants move to dismiss all claims against Canon USA and CFS. The Court finds that HCHRA fails to state a claim on only a few of its claims.

A. Count II: Tortious Breach of Contract

A tortious breach of contract exists when a defendant's breach of contract is "attended by some intentional wrong, insult, abuse, or gross negligence, which amounts to an independent tort." *State Farm Fire & Cas. Co. v. Simpson*, 477 So. 2d 242, 248 (Miss. 1985) (quoting *Am. Ry. Express Co. v. Bailey*, 107 So. 761, 763 (Miss. 1926)). It requires a showing of maliciousness or reckless disregard for the

rights of a plaintiff that go beyond a mere willingness to breach a contract. *Hamilton v. Hopkins*, 834 So. 2d 695, 703–04 (Miss. 2003).

HCHRA's Complaint alleges only a knowing or intentional breach of contract without alleging any independently tortious facts. [1-2] ¶ 77–81. Neither is there any showing that recklessness or malice occurred with the breach. Without facts beyond the simple act of breach, HCHRA has not shown a tortious breach of contract claim under Mississippi law. Count II therefore fails to state a claim upon which relief can be granted.

### B. Count III: Equitable Indemnification

HCHRA's third claim asserts that their Rental Agreements contractually obligate Canon Solutions to indemnify the organization for losses arising from failure to perform. [1-2] ¶ 83. Alternatively, if not contractually obligated, HCHRA contends that Canon Solutions should indemnify it under an equitable indemnification theory. [1-2] ¶ 85. The Court only addresses the equitable indemnification component of Count III.

At common law, equitable indemnification arises in a tort context where one person's "liability is secondary as opposed to primary, or is based upon imputed or passive negligence, as opposed to active negligence" in which case, "[the person] may be entitled, upon an equitable consideration, to shift his responsibility to another joint [tortfeasor]." *Home Ins. Co. v. Atlas Tank Mfg. Co.*, 230 So. 2d 549, 551 (Miss. 1970). It requires a showing that "(1) [t]he damages which the claimant seeks to shift are imposed upon him as a result of some legal obligation to the

injured person; and (2) . . . the claimant did not actively or affirmatively participate in the wrong." *Id.* (citing *Bush v. City of Laurel*, 215 So. 2d 256, 260 (Miss. 1968)).

HCHRA does not allege that it was liable for any tort or injury to a third-party that Canon Solutions should rightfully bear. For these reasons, the Court finds that HCHRA has not asserted a claim for equitable indemnification.

### C. Piercing the Corporate Veil

Defendants argue that HCHRA has not properly pleaded any claims against Canon USA and CFS. [8] at 14–16. They correctly assert that the Complaint does not clearly state contract claims against either Defendant and that it does not allege any relationship HCHRA had with Canon USA and CFS establishing liability. In its Response in Opposition, HCHRA, for the first time, asserts a theory that Canon Solutions, Canon USA, and CFS were alter-egos and that the Court should impute liability by piercing the corporate veil. [10] at 8–9. "A complaint may not be amended by the plaintiff's briefs in opposition to a motion to dismiss." *Sanderson v. H.I.G. P-XI Holding, Inc.*, No. 99-3313, 2000 WL 1042813 (citing *Burch v. City of Nacogdoches*, 174 F.3d 615, 617 n.5 (5th Cir. 1999)). Without pleading a veil-piercing theory, the Complaint does not readily state a claim against Canon USA and CFS.

### IV. Conclusion

The Court will provide HCHRA an opportunity to amend its Complaint and plead its best case. If it does not, the Court will dismiss all claims that do not state a claim upon which relief should be granted.

The Court DENIES Defendants' Motion to Dismiss [7] without prejudice.

IT IS FURTHER ORDERED that the Court will allow HCHRA to amend its Complaint to cure the deficiencies identified by the Court within 14 days from today.

SO ORDERED AND ADJUDGED this the 9th day of September, 2021.

s/ <u>Kristi H. Johnson</u><br>UNITED STATES DISTRICT JUDGE